L. Quintana, Esq. (SBN 157291)
Gerald E. Sarte (SBN 177639)
Quintana McConnin & Sarte LLP
450 B Street Suite 1430
San Diego, CA 92101
Telephone: 619.231.6655
Facsimile: 619.243.0080

Attorneys for Plaintiff
Rolando L. Meeks

FILED
2008 JUN 23 PM 3:03
KNK  DEPUTY

UNITED STATES COURT
SOUTHERN DISTRICT OF CALIFORNIA

Rolando L. Meeks,

                Plaintiff,

v.

America's Wholesale Lender; Casa Financial Services; Countrywide Home Loans; and all other claimants of whatsoever kind and character against real property commonly known as 1472 Edgehill Drive, Chula Vista, CA; and DOES 1 through 100 inclusive,

                Defendants.

Case No.: 08 CV 1113 JAH BLM

**COMPLAINT FOR**
1. **FRAUD: INTENTIONAL MISREPRESENTATION;**
2. **NEGLIGENT MISREPRESENTATION;**
3. **NEGLIGENCE/PROFESSIONAL MALPRACTICE;**
4. **VIOLATION OF TRUTH IN LENDING ACT 15 U.S.C. §1601;**
5. **VIOLATION OF RESPA 12 U.S.C. §2605;**
6. **VIOLATION OF CIVIL CODE §1916;**
7. **RESCISSION;**
8. **VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200;**
9. **UNJUST ENRICHMENT**

**DEMAND FOR JURY TRIAL**

///
///
///

## THE PARTIES

1. Plaintiff Rolando L. Meeks (hereinafter "Plaintiff") is and at all times mentioned herein was an individual, residing in the County of San Diego. Plaintiff is the owner of certain real property commonly known as 1472 Edgehill Drive, Chula Vista, CA, County of San Diego (hereinafter "Subject Property").

2. Defendant America's Wholesale Lender (hereinafter "AWL" or "Originating Lender") is an entity, form unknown, with a principal place of business to be determined in discovery. AWL is, and at all times mentioned was, doing business in the State of California and in the County of San Diego.

3. Defendant Casa Financial Services (hereinafter "CFS" or "Broker") is an entity, form unknown, with a principal place of business to be determined in discovery. CFS is, and at all times mentioned was, doing business in the State of California and in the County of San Diego.

4. This action pertains to an alleged note, loan and security interest originated by Broker and America's Wholesale Lender known as loan #110560123 (hereinafter the "LOAN").

5. Plaintiff intends this action and this document to represent a formal federal complaint and also act as a "qualified written request." This Complaint contains Plaintiff's Name, AWL account number, and demands as to the originating lender and each subsequent servicer:

    a. that each lender, servicer, creditor or owner justify any legal right to service, own, be named "creditor" and provide proof that Defendants, and each of them, did not violate RESPA or any other law;

    b. that each lender, servicer, creditor or owner identify each and every transfer or sale to others of any rights in the LOAN, the Subject Property or the Note, along a copy of with each notice provided to the borrower of such transfer or sale;

    c. that each lender, servicer, creditor or owner in possession of any truth-in-

Copyright 2008 QMSLaw- All Rights Reserved

lending disclosure, settlement statement or HUD-1 provide a copy of the same to Plaintiff.

6. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names. DOES 1-100 at all times relevant herein were employees, agents of Defendants and each of them. Plaintiff will designate each DOE Defendant and serve them with this Complaint when their true names and capacities have been ascertained. Plaintiff alleges that each of said Defendants designated as a DOE is legally responsible in some manner for the events and happenings herein referred to and caused or is responsible in some manner for the damages proximately caused hereby.

7. Plaintiff is informed and believes that at all times mentioned herein, that all of the Defendants acted in concert with the other Defendants named in this Complaint in the wrongful and improper activities alleged and, therefore, are responsible for the damages as alleged by Plaintiff. Plaintiff is further informed and believes that at all times mentioned herein each individual, employee and person named in this Complaint was the agent and/or employee of each of the remaining Defendants and/or Defendant Employers, and acted in concert for the purpose of injuring Plaintiff as alleged herein.

8. Plaintiff is further informed and believes that at all times mentioned herein each Defendant and individual named in this Complaint was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants. Plaintiff is informed and believes that at all times mentioned herein, that all Defendants are liable for the actions of each of the individuals mentioned herein.

9. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, the Defendants have pursued a common course of conduct, acted in concert with, and conspired with, each other, and have aided and abetted one another to accomplish the wrongs complained herein.

## JURY TRIAL DEMANDED

Plaintiff complains against Defendants herein and demands a trial by jury on all issues.

## JURISDICTION AND VENUE

10. This court has jurisdiction pursuant to 28 U.S.C. §1331 under the following statutes: the Truth-in-Lending Act, 15 U.S.C. 1601 et. seq. and RESPA 12 U.S.C. §2605 and 12 U.S.C. §2601 *et. seq.*; HELCPA 15 USC § 1637 *et. seq*; and HOEPA 15 USC § 1639 *et seq.*

11. In addition, this court has supplemental jurisdiction over all state claims alleged herein pursuant to 28 U.S.C. §1367.

12. Venue in this district is proper pursuant to 28 U.S.C §1391(b) because Plaintiff resides in this district, Defendants do business in this district, the Subject Property is in this district, and all events in question took place in this district.

## FACTS COMMON TO ALL CAUSES OF ACTION

13. Plaintiff is informed and believes that the wrongful acts of Defendants include violations of federal and state law before the initiation of the LOAN as well as during the servicing period of the LOAN.

14. At the request of Broker, AWL and others, Plaintiff obtained loan #110560123 (the "LOAN") from AWL on or about 8/1/2005. The events leading up to the origination of this loan included the following:

   a. Prior to the funding of the Loan, CFS and/or AWL represented to Plaintiff that very favorable loans, loan terms and interest rates were available to him.

   b. In or about 8/1/2005 and the preceding months, Plaintiff was approached by CFS to discuss the possibility of lowering the interest rate and refinancing the existing home loan.

   c. Plaintiff spoke with a lender's agent or assistant who was supervised by another lender's agent or supervisor of CFS who informed Plaintiff that AWL/CFS represented loans would be for less than the value of the

QMS Law
450 B St. #1430
San Diego, CA 92101

[\\P4w2k\rex\rQMSLaw\Practice Areas\Consumer mortgage practice\Research Complaint Federal Respatila\RESPA Complaint Fed Refi Meeks.doc]   -3-

COMPLAINT

Copyright 2008 QMSLaw - All Rights Reserved

property; loans would be affordable to the borrower; payments would be at lower interest rate; payments would be at a stated level; prior loan would be paid off.

    d. Over-appraised the property value; provided excessive charges; paid $7200 yield-spread premium and surplus appraisal fees paid outside closing; multiple refinances in less than one year; excessive fees and charges assessed in multliple refinancings.

    e. As a result, Broker, AWL and others convinced Plaintiff to refinance the loan on the Subject Property and take on a new loan with AWL, the LOAN.

    f. Plaintiff is informed and believes that Broker, AWL and others knew or should have known that Plaintiff could not afford the payments that the loan would eventually require Plaintiff to make, and that they knew or should have known that Plaintiff's income was utterly inadequate to enable Plaintiff to perform as required on the LOAN.

    g. Plaintiff is further informed and believes that CFS, AWL and Defendants knew or intended that Plaintiff receive a worse loan, and that the worse loan produced a higher commission for them because it was at a higher interest rate and subject to higher fees.

    h. Plaintiff is further informed and believes that CFS, AWL and Defendants knew or should have known that in the event of Plaintiff's inability to perform on the LOAN, prepayment penalties, commissions and other foreseeable charges to Plaintiff would constitute an additional payment stream to the benefit of Defendants.

15. Although CFS, AWL, and other persons made certain representations regarding the LOAN, in actuality, the LOAN was not as represented because among other things:

    a. It was at a higher interest rate than what was represented.

    b. The payments were higher than the payment as represented to and agreed

QMS Law
450 B St. #1430
San Diego, CA 92101

[\\P4w2k\rex\rQMSLaw\Practice Areas\Consumer mortgage practice\Research Complaint Federal Respatila\RESPA Complaint Fed Refi Meeks.doc]    -4-

COMPLAINT

Copyright 2008 QMSLaw - All Rights Reserved

upon by Plaintiff.

 c. There was less equity in the Subject Property than represented.

 d. There was less money available to Plaintiff than represented.

 e. The loan subsequently became unaffordable for Plaintiff.

 f. Plaintiff was accordingly put into a mortgage all without Plaintiff's informed consent.

16. In addition, CFS, AWL and others knew the following facts and took unfair advantage of Plaintiff in ways that include but are not necessarily limited to the following, in order exert additional pressure on Plaintiff to consummate the LOAN on unfavorable terms:

 a. Plaintiff is an unsophisticated consumer who has little knowledge of the internal workings of real estate finance, or of the laws of banking or the legal obligations owed by lenders and brokers to borrowers and Plaintiff relied on CFS and AWL and defendants to inform Plaintiff of all relevant facts and features of the LOAN.

 b. Borrower was a nurse working very long hours not sophsiticated in legal and financial matters and subject to severe time constraints; Borrower was subject to an unbearable burden making payments on the pre-existing loan.

 c. Plaintiff suffers from medical conditions that made Plaintiff susceptible to the influence of Defendants.

17. Plaintiff is informed and believes that AWL downsized, went out of business, filed bankruptcy, closed offices, or otherwise ceased doing some or all of its business, and transferred or sold assets including the LOAN to others without informing Plaintiff as required by law.

18. Plaintiff is informed and believes that Defendants CWHL and other Defendants purchased or otherwise acquired Plaintiff's LOAN from AWL at some date unknown to Plaintiff, while the LOAN was in dispute. AWL unlawfully transferred the loan without providing notice to Plaintiff, and possibly in violation of applicable bankruptcy laws prior to

QMS Law
450 B St. #1430
San Diego, CA 92101

[\\P4w2k\rex\rQMSLaw\Practice Areas\Consumer mortgage practice\Research Complaint Federal Respatila\RESPA Complaint Fed Refi Meeks.doc]    -5-

COMPLAINT

Copyright 2008 QMSLaw - All Rights Reserved

filing bankruptcy. Defendants AWL and CFS assumed the responsibilities, benefits and burdens by assuming and taking over Plaintiff's LOAN with AWL.

19. Defendants failed to fulfill their obligations under RESPA and violated RESPA in many ways including but not limited to the following:

    a. As set forth in RESPA, Defendants CFS, AWL, CWHL, their predecessors and other Defendants, were required to give Plaintiff fifteen (15) days notice before effectively transferring the LOAN to other Defendants pursuant to 2605(b)(2)(A). Defendants failed to provide the required notice prior to each transfer.

20. Plaintiff is informed and believes that Defendant AWL was insolvent, was being acquired by another entity, or was in bankruptcy, but never informed Plaintiff of these circumstances.

21. If AWL became insolvent, filed bankruptcy or was acquired by another entity, AWL and other Defendants failed to give Plaintiff fifteen (15) days notice as required by RESPA prior to filing Bankruptcy. AWL should have given Plaintiff the RESPA-required fifteen (15) day notice.

22. Defendants illegally transferred the LOAN, without legally and properly noticing Plaintiff in violation of RESPA. Defendant is aware of RESPA requirements as they supplied the information relating to those requirements to Plaintiff.

23. Plaintiff relied on the representations of CFS, AWL, Defendants and others as alleged herein because Plaintiff reasonably believed that Defendants are licensed banks, real estate agencies, brokers and/or mortgage companies, and are fiduciaries of Plaintiff, owing Plaintiff duties of utmost care, loyalty, professionalism and to conduct all real estate transactions herein without violating any of the fiduciary duties owed to Plaintiff.

24. CFS, AWL, Defendants and other persons breached their fiduciary obligations owed to Plaintiff, were negligent, made negligent misrepresentations, intentional misrepresentations, breached their contract with Plaintiff, were professionally negligent and caused Plaintiff damages.

QMS Law
450 B St. #1430
San Diego, CA 92101

[\\P4w2k\rex\rQMSLaw\Practice Areas\Consumer mortgage practice\Research Complaint Federal Respatila\RESPA Complaint Fed Refi Meeks.doc]     -6-

COMPLAINT

Copyright 2008 QMSLaw All Rights Reserved

25. As a proximate result of the conduct of Defendants as herein alleged, the Plaintiff sustained damages, including monetary loss, medical expenses, emotional distress, loss of employment, loss of credit, loss of opportunities, attorney fees and costs, and other damages to be determined at trial. As a proximate result of Defendants' breach of duty and all other actions as alleged herein, Plaintiff has suffered severe emotional distress, mental anguish, harm, humiliation, embarrassment, and mental and physical pain and anguish, all to Plaintiff damage in an amount to be established at trial.

26. Each Defendant herein is responsible for the acts of other Defendants and their predecessors based on the doctrine of *respondeat superior*. Further, each Defendant herein is responsible for the acts of other Defendants because each Defendant negligently supervised the other Defendants and is therefore directly responsible for the acts of the other Defendants.

27. All Defendants are agents, employees and other fiduciaries of each other as set forth within. Each of the wrongful acts by Defendants against Plaintiff set forth within were done within the scope of employment. Defendants were acting as agents and employees and in the transaction of the business of the employment or agency when performing their wrongful actions. Defendants are therefore directly, jointly and severally liable to Plaintiff for the actions of CFS, AWL, CWHL, the employees of said parties, and all other Defendants as set forth within.

28. The aforementioned conduct of Defendants was an intentional misrepresentation, deceit, or concealment of a material fact known to the Defendants with the intention on the part of the Defendants of thereby depriving the Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected the Plaintiff to a cruel and unjust hardship in conscious disregard of the Plaintiff's rights, so as to justify an award of exemplary and punitive damages, as well as attorney fees and costs.

## FIRST CAUSE OF ACTION
## FRAUD: INTENTIONAL MISREPRESENTATION

29. Plaintiff hereby incorporates by reference, repleads and realleges each and

QMS Law
450 B St. #1430
San Diego, CA 92101

[\\P4w2k\rex\rQMSLaw\Practice Areas\Consumer mortgage practice\Research Complaint Federal Respatila\RESPA Complaint Fed Refi Meeks.doc]

-7-

COMPLAINT

Copyright 2008 QMSLaw - All Rights Reserved

every allegation contained in all of the paragraphs of the General Allegations and Facts Common to All Causes of Action as though the same were set forth herein.

30. CFS and AWL made various false misrepresentations to Plaintiff regarding the LOAN and induced Plaintiff to enter into the LOAN. CWHL assumed the responsibilities and duties owed to Plaintiff by purchasing/assuming the LOAN. Defendants CFS, AWL, CWHL and other Defendants are responsible for the false misrepresentations made by CFS, AWL, their predecessors and other Defendants herein. Defendants and each of them are successors in interest to CFS, AWL, CWHL, to each other, and other responsible parties. All Defendants and each of them acted in concert with respect to defrauding Plaintiff

31. Defendants made various misrepresentations of material fact with respect to the LOAN, and induced Plaintiff to rely on said misrepresentations. These misrepresentations were representations of material fact with respect to the period of the mortgages, the interest rates and other terms of the mortgages. The representations made to Plaintiff by Defendants were in fact false.

32. All Defendants herein intended to induce Plaintiff's reliance on the facts misrepresented. CFS, AWL, CWHL variously misinformed Plaintiff regarding the terms of the LOAN as alleged herein so that Plaintiff would refinance and so that they could cause Plaintiff to agree to the LOAN. CFS, AWL, CWHL and other Defendants are successors in interest to Plaintiff's LOAN as alleged herein. Defendants CFS, AWL and other Defendants also intended to induce Plaintiff to accept the LOAN and to continue on with the fraudulent LOAN.

33. The Defendants knew or should have known that the representations made in their correspondences were in violation of RESPA. Defendants knew or should have known that the representations made by CFS, AWL in an attempt to convince Plaintiff to refinance the LOAN were false.

34. In justifiable reliance on Defendants' and each of them various misrepresentations, Plaintiff did refinance and take out the LOAN on the Subject Property, Plaintiff is burdened with a higher interest rate, Plaintiff is burdened with a mortgage that did

QMS Law
450 B St. #1430
San Diego, CA 92101

[\\P4w2k\rex\rQMSLaw\Practice Areas\Consumer mortgage practice\Research Complaint Federal Respatila\RESPA Complaint Fed Refi Meeks.doc]    -8-

COMPLAINT

Copyright 2008 QMSLaw All Rights Reserved

not pay off the debts as Defendants promised they would do, the period of Plaintiff's mortgage is longer than it should be, Plaintiff is now burdened with the unlawful LOAN and Plaintiff has suffered damages as a result.

35. At the time Defendants and their predecessors herein made the promises and representations to Plaintiff, Defendants and their predecessors herein had no intention of performing the promises.

36. The promises were made by Defendants and their predecessors with the intent to induce the Plaintiff to take out the LOAN and take other actions so that Defendants and each of them could make their respective profits, commissions, yield spread premiums, sales quotas and gain other beneficial financial interests including but not limited to prepayment penalties, late payment penalties, surcharges and other fees.

37. The Plaintiff, at the time these promises were made and at the time the Plaintiff took the actions herein alleged, was ignorant of the Defendants' secret intentions not to perform, ignorant of Defendants' false representations stated herein, and Plaintiff could not, in the exercise of reasonable diligence, have discovered the Defendants' secret intentions and false representations. In reliance on the promises of Defendants and their predecessors, Plaintiff signed various documents and refinanced Plaintiff's mortgage on the Subject Property and ultimately ending up with the LOAN.

38. Defendants and their predecessors are reputable real estate companies doing business in California, and Plaintiff justifiably relied on their representations. Defendants and their predecessors are/were all brokers, real estate agents and other licensed professionals that worked for Defendants CFS, AWL, CWHL and other Defendants, and Plaintiff justifiably relied on their representations.

39. Plaintiff, at the time these representations were made by Defendants and their predecessors, and at the time the Plaintiff took the actions herein alleged, was ignorant of the falsity of the misrepresentations and believed them to be true. In reliance on these representations, Plaintiff was induced to refinance the Subject Property, take out the LOAN, be burdened with a fraudulent LOAN, and other actions. Had Plaintiff known the actual

QMS Law
450 B St. #1430
San Diego, CA 92101

[\\P4w2k\rex\rQMSLaw\Practice Areas\Consumer mortgage practice\Research Complaint Federal Respatila\RESPA Complaint Fed Refi Meeks.doc]    -9-

COMPLAINT

Copyright 2008 QMSLaw All Rights Reserved

facts, Plaintiff would not have taken such action.

40. As a proximate result of the fraudulent conduct of Defendants as herein alleged, the Plaintiff sustained damages, including monetary loss, medical expenses, emotional distress, loss of employment, loss of credit, loss of opportunities, attorney fees and costs, and other damages to be determined at trial. As a proximate result of Defendants' breach of duty and all other actions as alleged herein, Plaintiff has suffered severe emotional distress, mental anguish, harm, humiliation, embarrassment, and mental and physical pain and anguish, all to Plaintiff's damage in an amount to be established at trial.

41. The aforementioned conduct of Defendants was an intentional misrepresentation, deceit, or concealment of a material fact known to the Defendants with the intention on the part of the Defendants of thereby depriving Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages, as well as attorney fees and costs.

## SECOND CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION

42. Plaintiff hereby incorporates by reference, repleads and realleges each and every allegation contained in each and every paragraph of the General Allegations and Facts Common to All Causes of Action and the First Cause of Action as though the same were set forth at length herein

43. If any Defendants' misrepresentations made herein were not intentional, said misrepresentations were negligent. When the Defendants made the representations alleged herein, he/she/it had no reasonable ground for believing them to be true.

44. Defendants made these representations with the intention of inducing Plaintiff to act in reliance on these representations in the manner hereafter alleged, or with the expectation that Plaintiff would so act.

45. As a proximate result of the negligent misrepresentations of Defendants as

Copyright 2008 QMSLaw All Rights Reserved

herein alleged, the Plaintiff sustained damages, including monetary loss, medical expenses, emotional distress, loss of employment, loss of credit, loss of opportunities, attorney fees and costs, and other damages to be determined at trial. As a proximate result of Defendants' breach of duty and all other actions as alleged herein, Plaintiff has suffered severe emotional distress, mental anguish, harm, humiliation, embarrassment, and mental and physical pain and anguish, all to Plaintiff's damage in an amount to be established at trial.

## THIRD CAUSE OF ACTION
## NEGLIGENCE/PROFESSIONAL MALPRACTICE

46. Plaintiff hereby incorporates by reference, repleads and realleges each and every allegation contained in each and every paragraph of the General Allegations and Facts Common to All Causes of Action as though the same were set forth at length herein.

47. Defendants, their predecessors and each of the Defendants herein owed fiduciary duties and obligations to Plaintiff to perform the real estate transactions, refinances, loans, notices, transfers and other transactions as set forth within with utmost loyalty and care.

48. At the time and place of each of the wrongful and unlawful actions alleged herein, Defendants and each of them negligently owned, supervised, trained, maintained, controlled and operated their businesses, employees, agents and the transactions mentioned herein so as to cause the damages to Plaintiff set forth within. Further, Defendants wrongfully entrusted Defendants so as to cause Plaintiff damages. Defendants' failure to properly own, supervise, train, maintain, control and operate their businesses, employees, agents and the transactions mentioned herein proximately caused Plaintiff's damages. Defendants CFS, AWL and other Defendants employed Defendants to perform these real estate and loan transactions for Plaintiff and pursuant to this employment negligently rendered professional services to Plaintiff.

49. Defendants, their predecessors and each of them breached their duties to Plaintiff and were negligent to Plaintiff by unlawfully causing Plaintiff to agree to the LOAN,

QMS Law
450 B St. #1430
San Diego, CA 92101

[\\P4w2k\rex\rQMSLaw\Practice Areas\Consumer mortgage practice\Research Complaint Federal Respatila\RESPA Complaint Fed Refi Meeks.doc]   -11-

COMPLAINT

Copyright 2008 QMSLaw All Rights Reserved

unlawfully transferring the LOAN, unlawfully charging Plaintiff a late fee for the AWL LOAN in violation of RESPA, unlawfully giving Plaintiff improper notice in violation of RESPA, unlawfully failing to give Plaintiff notice under RESPA, unlawfully causing Plaintiff to be obligated to the AWL LOAN, and other improper actions against Plaintiff as set forth within.

50. As a proximate result of the negligent conduct of Defendants and their failures as herein alleged, the Plaintiff sustained damages, including monetary loss, medical expenses, emotional distress, loss of employment, loss of credit, loss of opportunities, and other damages to be determined at trial. As a proximate result of Defendants' breach of duty and all other actions as alleged herein, Plaintiff has suffered severe emotional distress, mental anguish, harm, humiliation, embarrassment, and mental and physical pain and anguish, all to Plaintiff's damage in an amount to be established at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF TRUTH IN LENDING ACT 15 U.S.C. §1601 et seq.

51. Plaintiff hereby incorporates by reference, repleads and realleges each and every allegation contained in all the paragraphs of the General Allegations and Facts Common to All Causes of Action and the First cause of action herein as though the same were set forth at length herein.

52. Defendants and each of them are creditors as defined by the Federal Truth-in-Lending Act 15 U.S.C §1601 et seq. (hereinafter "TILA").

53. Defendants and each of them failed to make proper disclosures to Plaintiff pursuant to RESPA and other applicable laws. Further, Defendants and their predecessors failed to properly disclose the terms of Plaintiff's LOAN, failed to properly disclose the transfer of the LOAN to Defendants AWL and CWHL, improperly disclosed Plaintiff's rights and made various other misrepresentations as set forth in the First Cause of Action and Facts Common to All Causes of Action.

54. As such, Defendants and each of them have violated TILA including but not limited to 15 USC §§ 1637, 1637aa, 1638 and/or 1639.

55. As a proximate result of the negligent conduct of Defendants and their failures

QMS Law
450 B St. #1430
San Diego, CA 92101

[\\P4w2k\rex\rQMSLaw\Practice Areas\Consumer mortgage practice\Research Complaint Federal Respatila\RESPA Complaint Fed Refi Meeks.doc]

-12-

COMPLAINT

Copyright 2008 QMSLaw All Rights Reserved

as herein alleged, the Plaintiff sustained damages, including monetary loss, medical expenses, emotional distress, loss of employment, loss of credit, loss of opportunities, and other damages to be determined at trial. As a proximate result of Defendants' breach of duty and all other actions as alleged herein, Plaintiff has suffered severe emotional distress, mental anguish, harm, humiliation, embarrassment, and mental and physical pain and anguish, all to Plaintiff's damage in an amount to be established at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF RESPA 12 U.S.C. §2605

56. Plaintiff hereby incorporates by reference, repleads and realleges each and every allegation contained in all the paragraphs of the General Allegations and Facts Common to All Causes of Action as though the same were set forth at length herein.

57. Defendants AWL, their predecessors and other Defendants were required to give Plaintiff notice of transfer and the required sixty (60) days after the transfer period before assessing a late fee pursuant to 2605(d).

58. Defendants AWL, CWHL and other Defendants improperly imposed a late fee on Plaintiff within sixty (60) days of the LOAN transfer.

59. Defendants CFS, AWL, CWHL and other Defendants failed to adequately respond to Plaintiff's Qualified Written Requests in violation of RESPA.

60. As a proximate result of the negligent conduct of Defendants and their failures as herein alleged, the Plaintiff sustained damages, including monetary loss, medical expenses, emotional distress, loss of employment, loss of credit, loss of opportunities, and other damages to be determined at trial. As a proximate result of Defendants' breach of duty and all other actions as alleged herein, Plaintiff has suffered severe emotional distress, mental anguish, harm, humiliation, embarrassment, and mental and physical pain and anguish, all to Plaintiff's damage in an amount to be established at trial. Plaintiff seeks to recover all possible damages Plaintiff is entitled to recover pursuant to RESPA, including statutory and punitive damages if possible.

## SIXTH CAUSE OF ACTION

QMS Law
450 B St. #1430
San Diego, CA 92101

[\\P4w2k\rex\rQMSLaw\Practice Areas\Consumer mortgage practice\Research Complaint Federal Respatila\RESPA Complaint Fed Refi Meeks.doc]   -13-
COMPLAINT

Copyright 2008 QMSLaw All Rights Reserved

## VIOLATION OF CIVIL CODE §1916

61. Plaintiff hereby incorporates by reference, repleads and realleges each and every allegation contained in all the paragraphs of the General Allegations and Facts Common to All Causes of Action and all causes of action herein as though the same were set forth at length herein.

62. The interest rates disclosed in the documents provided at the time of the transaction were inaccurate and not in compliance with applicable California law as set forth in Civil Code § 1916 *et seq*.

63. Accordingly, the disclosures fail to meet the requirements under TILA and RESPA, and all disclosures are of no force or effect.

## SEVENTH CAUSE OF ACTION

## RESCISSION

64. Plaintiff hereby incorporates by reference, repleads and realleges each and every allegation contained in all the paragraphs of the General Allegations and Facts Common to All Causes of Action and all causes of action herein as though the same were set forth at length herein.

65. The disclosures fail to meet the requirements under TILA and RESPA, and all disclosures are of no force or effect. The required notices of cancellation rights were not delivered at the times, in the forms, or to the persons as required.

66. Accordingly, no valid notice of cancellation rights has been delivered to the borrower, and the plaintiff's rights of rescission are still in effect.

67. This cause of action is pleaded in the alternative; if the defendants are found to have any rights under the Note or Deed of Trust that survive the causes of action state hereinabove, then Plaintiff herewith demands rescission of this loan.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200, et. seq.

68. Plaintiff hereby incorporates by reference, repleads and realleges each and every allegation contained in all the paragraphs of the General Allegations and Facts

QMS Law
450 B St. #1430
San Diego, CA 92101

[\\P4w2k\rex\rQMSLaw\Practice Areas\Consumer mortgage practice\Research Complaint Federal Respatila\RESPA Complaint Fed Refi Meeks.doc]   -14-

COMPLAINT

Copyright 2008 QMSLaw All Rights Reserved

Common to All Causes of Action and all causes of action herein as though the same were set forth at length herein.

69. Defendants' fraudulent, negligent and other conduct as set forth herein and within the First Three Causes of Action constitute unfair practices within the meaning of Business and Professions Code §17200.

70. Defendants' violations of RESPA, TILA, and California Civil Code as set forth in the foregoing Causes of Action constitute unfair practices within the meaning of Business and Professions Code §17200.

71. All actions alleged within by Defendants, their predecessors and other Defendants constitute unfair business practices. Defendants and their predecessors induced Plaintiff to enter into a fraudulent LOAN with unfavorable terms to Plaintiff. In addition, Defendants have failed to provide Plaintiff with proper notice of transfer under RESPA and have charged Plaintiff late fee(s) in violation of RESPA as alleged herein. Further, Defendants were negligent and/or fraudulent in their actions towards Plaintiff as alleged herein.

72. As a proximate result of the unfair and unlawful conduct of Defendants and their failures as herein alleged, the Plaintiff sustained damages, including monetary loss, medical expenses, emotional distress, loss of employment, loss of credit, loss of opportunities, and other damages to be determined at trial. As a proximate result of Defendants' breach of duty and all other actions as alleged herein, Plaintiff has suffered severe emotional distress, mental anguish, harm, humiliation, embarrassment, and mental and physical pain and anguish, all to Plaintiff's damage in an amount to be established at trial. Plaintiff seeks to recover all possible damages Plaintiff is entitled to recover pursuant to RESPA, including punitive damages if possible.

### NINTH CAUSE OF ACTION
### UNJUST ENRICHMENT

73. Plaintiff hereby incorporates by reference, repleads and realleges each and every allegation contained in all the paragraphs of the General Allegations and Facts

QMS Law
450 B St. #1430
San Diego, CA 92101

[\\P4w2k\rex\rQMSLaw\Practice Areas\Consumer mortgage practice\Research Complaint Federal Respatila\RESPA Complaint Fed Refi Meeks.doc]

-15-

COMPLAINT

Copyright 2008 QMSLaw All Rights Reserved

Common to All Causes of Action and all causes of action herein as though the same were set forth at length herein.

74. By their misrepresentations, omissions and other wrongful acts alleged heretofore, Defendants, and each of them, were unjustly enriched at the expense of Plaintiff, and Plaintiff was unjustly deprived, and is entitled to restitution.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them as follows:

1. For immediate cease and desist order enjoining all Defendants, and each of them, their agents, servants, heirs, dba's, fka's, corporate affiliates, subsidiaries, employees, and all persons or entities acting under, in concert with, on their behalf in any capacity from selling or conveying or attempting to sell or convey any interest whatsoever that Plaintiff may have in the real property commonly known as 1472 Edgehill Drive, Chula Vista, CA or relating to the LOAN.

2. For preliminary injunction and permanent injunction, enjoining all Defendants, and each of them, their agents, servants, heirs, dba's, fka's, corporate affiliates, subsidiaries, employees, and all persons or entities acting under, in concert with, on their behalf in any capacity from selling or conveying or attempting to sell or convey any interest whatsoever that Plaintiff may have in the real property commonly known as 1472 Edgehill Drive, Chula Vista, CA, relating to the LOAN, which is presently unbeknownst to Plaintiff;

3. That the deed of trust securing the Subject Property and securing the LOAN, be rescinded and Plaintiff's Deed of Trust immediately restored to Plaintiff;

4. That Plaintiff's credit standing be fully restored in relating to the LOAN;

5. That any and all Notice of Intent to Foreclose issued by any Defendants or agents of Defendants relating to 1472 Edgehill Drive, Chula Vista, CA be rescinded;

6. That title to the property commonly known as 1472 Edgehill Drive, Chula Vista,

Copyright 2008 QMSLaw All Rights Reserved

          CA, be restored to Plaintiff in the name of "«PlaintiffName»";

7. That the LOAN be forgiven in its entirety;

8. This Court grant judgment in favor of Plaintiff against all Defendants;

9. For all damages and remedies Plaintiff is entitled to recover under RESPA;

10. For all damages and remedies Plaintiff is entitled to recover under TILA;

11. For all damages and remedies Plaintiff is entitled to recover under the California Civil Code Sections alleged herein;

12. For all damages and remedies Plaintiff is entitled to recover under Business and Professions Code §17200

13. For judgment that Plaintiff is entitled to compensation of the full value of the Subject Property;

14. For compensatory damages according to proof, including lost credit, lost earnings and other employee benefits, medical expenses, emotional distress, humiliation, mental anguish, and other compensatory damages;

15. For general damages according to proof;

16. For special damages according to proof;

17. For interest on damages according to proof;

18. For punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct;

19. For prejudgment interest on such damages as provided by law;

20. For attorney fees incurred by Plaintiff;

21. For costs of suit incurred by Plaintiff; and

22. For such other and further relief as the court deems proper.

Dated: June 20, 2008

Respectfully submitted,
Quintana McConnin & Sarte LLP

By L. Quintana, Esq.
Attorney for Plaintiff
Rolando L. Meeks

QMS Law
450 B St. #1430
San Diego, CA 92101

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Rolando Meeks

**DEFENDANTS**
America's Wholesale Lender; Casa Financial Services; Countrywide Home Loans; DOES and others

(b) County of Residence of First Listed Plaintiff: **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Quintana McConnin & Sarte LLP   Telephone: 619.231.6655
450 B Street Suite 1430; San Diego, CA 92101   Fax: 619.243.0080

Attorneys (If Known)

'08 CV 1113 JAH BLM

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☒ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1601; 12 USC 2603
Brief description of cause:
Consumer mortgage-related RESPA and TILA violations and fraud

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 720,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 6/21/08
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # 15282   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

TAC 6/23/08

```
          UNITED STATES
          DISTRICT COURT
       SOUTHERN DISTRICT OF CALIFORNIA
            SAN DIEGO DIVISION

         # 152182    - TC

          June 23, 2008
            15:04:44


          Civ Fil Non-Pris
USAO #.: 08CV1113
Judge..: JOHN A HOUSTON
Amount.:                  $350.00 CK
Check#.: BC1087



          Total-> $350.00



FROM: ROLANDO MEEKS
      VS.
      AMERICA'S WHOLESALE LENDER
```