1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROLANDO L. MEEKS, | ) | Civil No.08cv1113 JAH (BLM) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING IN PART AND** |
| v. | ) | **DENYING IN PART DEFENDANT** |
| | ) | **COUNTRYWIDE HOME LOANS,** |
| AMERICA'S WHOLESALE LENDER, | ) | **INC.'S MOTION TO DISMISS** |
| et. al., | ) | **[Doc. No. 25]** |
| | ) | |
| Defendants. | ) | |
| | ) | |

11

12

13

14

15

16

**INTRODUCTION**

17   Plaintiff originally filed a complaint on June 23, 2008.  Defendant Countrywide

18   Home Loans sought dismissal of the complaint.  The Court granted in part and denied in

19   part the motion and permitted Plaintiff an opportunity to amend.  Plaintiff filed a First

20   Amended Complaint ("FAC") on October 29, 2009, seeking relief for violation of the Real

21   Estate Settlement Practices Act ("RESPA"), violation of the Truth in Lending Act

22   ("TILA"), negligence, aiding and abetting negligence, breach of fiduciary duty, negligent

23   misrepresentation, fraud, aiding and abetting fraud, rescission, violations of California

24   Business and Professions Code section 17200, quasi-contract and determination of validity

25   of lien.    See Doc. No. 21.    Plaintiff named Countrywide Home Loans, Inc.

26   ("Countrywide") doing business as America's Wholesale Lender ("AWL"), Casa Financial

27   Services, Inc. ("CFS"), all claimants to the property located at 1472 Edgehill Drive, Chula

28   Vista, CA, and Does 1 through 100 as defendants.  Plaintiff alleged the defendants

convinced Plaintiff to take out financing on his home and misrepresented the value of the property, the interest rate and the payments.  He seeks declaratory relief, injunctive relief and rescission.

Defendant Countrywide filed the pending motion to dismiss and Plaintiff filed an opposition.  No reply was filed.  The matter was set for hearing but was taken under submission on the papers pursuant to Local Rule 7.1[1]  Upon a thorough review of the parties' submissions and for the reasons discussed below, the Court GRANTS IN PART AND DENIES IN PART Defendant's motion to dismiss.

## LEGAL STANDARD

Defendant seeks to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").  Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory.  Robertson, 749 F.2d at 534.  While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct.  1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547).  A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be

---

[1]Thereafter, Plaintiff's filed a notification of his bankruptcy proceedings, which stayed the action.  On December 27, 2010, Plaintiff filed a notice of discharge of the bankruptcy proceeding, lifting the stay.

1   plausibly suggestive of a claim entitling the plaintiff to relief.  Moss v. U.S. Secret Service,

2   572 F.3d 962, 969 (9th Cir. 2009).

## DISCUSSION

4   Defendant argues the complaint should be dismissed because Plaintiff fails to allege

5   tender of the unpaid debt in full before filing suit, Plaintiff fails to sufficiently plead the

6   claims, the TILA claim is time-barred and Plaintiff fails to allege fraud with particularity.

7   **I.  Failure to Tender Unpaid Debt**

8   Defendant argues all claims in the action, which are based upon irregularity in a

9   foreclosure sale, fail because Plaintiff does not allege tender of the full debt.  Plaintiff

10   contends he is not required to tender under California law.  He further contends the

11   tender requirement of TILA for rescission is within the discretion of the Court and

12   requiring tender under the circumstances of this case would be inequitable.

13   Generally, tender of the amount owed is a condition precedent to any claim for

14   wrongful foreclosure or challenge to the validity of a foreclosure sale.  See  Abdallah v.

15   United Savings Bank, 43 Cal.App.4th 1101, 1110 (1996); Management Corp. v. Eischen,

16   158 Cal.App. 3d 575 (1984); Gardner v. Am. Home Mtg. Servicing, Inc., 2010 WL

17   582117 (E.D.Cal. 2010).  However, Defendant fails to cite authority that the tender

18   requirement applies to actions where, as here, no foreclosure sale has taken place.  As such,

19   with the exception of the TILA claim, Plaintiff is not required to tender the unpaid debt

20   prior to filing suit or to allege the ability to tender.

21   Plaintiff asserts a claim for rescission under TILA.  In Yamamoto v. Bank of New

22   York,, the Ninth Circuit states "a trial judge ha[s] the discretion to condition rescission

23   on the tender by the borrower of the property he had received from the lender." 329 F.3d

24   1167, 1171 (9th Cir. 2003).  The court held that "the [district] court did not lack

25   discretion to modify the sequence of rescission events to assure that [the plaintiff] could

26   repay the loan proceeds before going through the empty (and expensive) exercise of a trial

27   on the merits." Id. at 1173.  When weighed against the alternatives of an expensive trial

28   on the merits, this Court finds Plaintiffs fail to allege his ability to tender and thus has

1    failed to raise his right to relief above the speculative level and within a zone of being

2    plausible on its face.  See Twombly, 550 U.S. at 545; Iqbal, 129 S.Ct. at 1949.  The

3    motion to dismiss the rescission claim is GRANTED.  The motion to dismiss the

4    remaining claims for failure to tender the unpaid debt is DENIED.

5    **II.  RESPA Claim**

6         Defendant argues Plaintiff fails to sufficiently plead a violation of RESPA.

7    Specifically, Defendant argues Plaintiff fails to attach the alleged Qualified Written

8    Request ("QWR"),  allege sufficient facts that he meets the requirements for a QWR, and

9    fails to allege the intended recipient received the alleged QWR.

10        Plaintiff argues he identified that the complaint shall serve as a QWR and included

11   language necessary to so qualify, and sufficiently alleges Defendant failed to respond to

12   the QWR.[2]   In the First Amended Complaint, Plaintiff states he intends the FAC to serve

13   as a QWR.  FAC ¶ 6.  As noted in this Court's previous order, Plaintiff's allegation that

14   the pending complaint serves as a QWR to which Defendant failed to respond to did not

15   state a claim.[3]

16        Plaintiff also alleges the original complaint is a QWR to which Defendant

17   Countrywide failed to respond.  Id. ¶ 23.  However, Plaintiff further states he will seek

18   leave to amend his complaint to include a violation for failure to respond to the QWR.

19   Id. ¶¶ 23, 43.  Plaintiffs allegations surrounding the QWR, indicate he is not currently

20   asserting a claim but intends to seek leave to amend his complaint to later assert such a

21   claim.  With no current claim pending for violation of RESPA for failure to respond to a

22   QWR, the Court will not engage in a futile review of the original complaint to determine

23   whether it meets the requirements of a QWR.  As asserted in the FAC, Plaintiff fails to

24

25        [2]Plaintiff also argues he alleges sufficient facts to support a claim for violations of
     RESPA against Countrywide for failure to provide required disclosures at loan origination.
26   Because Defendant does not move to dismiss the RESPA claim for violation at loan
     origination, the Court does not address the issue.
27

28        [3]At the time the FAC was filed, the sixty day period for a response had not passed.
     Plaintiff certainly cannot allege Defendant failed to timely respond to his QWR in the very
     document he purports to be his QWR.

                                        4

1  state a claim for violation of RESPA for failure to respond to the QWR and the motion

2  to dismiss the claim is GRANTED.

3  **III.  TILA Claim**

4       Defendant argues Plaintiff's claim for violation of TILA is time-barred and Plaintiff

5  fails to sufficiently plead a violation of TILA against Countrywide.

6  **A.  Statute of Limitations**

7       TILA provides protection for consumers engaged in credit transactions by requiring

8  "meaningful disclosure of credit terms."  15 U.S.C. § 1601.  Claims for violations of TILA

9  must be brought within one year from the date the alleged violation occurred.  15 U.S.C.

10  § 1640(e).   The limitations period runs from the date the loan transaction is

11  consummated.  See  King v. State of Cal., 784 F.2d 910, 915 (9th Cir. 1986); Meyer v.

12  Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003).

13       Defendant argues more than one year passed between the loan transaction and the

14  filing of the original complaint, and Plaintiff fails to allege facts establishing his

15  entitlement to equitable tolling.

16       Plaintiff argues the limitations period should be tolled because he alleges

17  Defendants delivered multiple disclosures that were misleading, deceptive, inconsistent,

18  incorrect, and not reasonably comprehensible by a consumer and Defendants were acting

19  in concert with respect to defrauding Plaintiff.

20       In the amended complaint, Plaintiff alleges he obtained a loan on or about August

21  1, 2005.  FAC ¶ 14.  As such the pending action, filed almost three years after the

22  consummation of the loan is barred unless Plaintiff is entitled to equitable tolling.

23  Equitable tolling "may be applied if, despite all due diligence, a plaintiff is unable to obtain

24  vital information bearing on the existence of his claim."  Santa Maria v. Pacific Bell, 202

25  F.3d 1170, 1178 (9th Cir. 2000),

26       Plaintiff alleges he did not received copies of the loan documents at closing but,

27  instead Wesley Jackson, an employee of CFS, mailed the documents.  FAC ¶ 18a.  Upon

28  receipt of the documents, he "became fully aware that the terms of the LOAN as listed in

1   the HUD-1 were different than those represented to him prior to and during closing." Id.

2   He further alleges the loan contained "conflicting terms that are not reasonably

3   comprehensible by a consumer. . ." Id. ¶ 28.

4         The FAC includes conclusory allegations that the defendants concealed facts upon

5   which the existence of his claims are based and, in the alternative, it was difficult for him

6   to discover the injury with no factual allegations in support. See id. ¶¶ 40, 41. The Court

7   finds Plaintiff does not plead sufficient nonconclusory facts to support equitable tolling.

8   Plaintiff fails to explain why he was unable to discover the alleged wrongdoing within the

9   statute of limitations period upon receiving the loan documents and the facts alleged do

10  not show Plaintiff acted with due diligence in attempting to discover the wrongdoing.

11  Accordingly, the motion to dismiss the TILA claim as time-barred is GRANTED.

12  **B.  Failure to State a Claim**

13        Because the Court finds the TILA claim barred as untimely, it does not reach

14  Defendant's argument that Plaintiff fails to state a claim for violation of TILA.

15  **IV.  Negligence Claims**

16        Defendant argues the negligence claim and the claim for aiding and abetting

17  negligence fail because Plaintiff does not allege Countrywide violated any duty of care.

18  Countrywide maintains a financial institution owes no duty of care to a borrower when

19  the institution's involvement in a loan transaction does not exceed the scope of its

20  conventional role as a lender.  Defendant argues Plaintiff does not allege any facts

21  demonstrating Countrywide acted as anything other than a lender of money.

22        Plaintiff argues he pleads sufficient facts showing CFS was acting as an agent of

23  Countrywide and Countrywide acted outside the scope of a money lender by engaging in

24  or ratifying CFS's representations.  Plaintiff also argues Defendant breached its duty by

25  failing to respond to Plaintiff's QWR.

26        "[A] financial institution owes no duty of care to a borrower when the institution's

27  involvement in the loan transaction does not exceed the scope of its conventional role as

28  a mere lender of money." Nymark v. Heart Fed. Savings & Loan Assoc., 231 Cal.App.3d

1   1089, 1096 (1991).

2        Plaintiff alleges Countrywide breached duties of care by failing to correctly pay off

3   the pre-existing loans, over-valuing the property, encouraging Plaintiff to obtain multiple

4   refinances and subjecting Plaintiff to excessive charges related to the multiple refinances.

5   FAC ¶¶ 20, 71.  He further alleges Defendant provided advice on using the loan to pay off

6   the pre-existing loan, failed to carefully review and process the loan application, funded

7   a loan to Plaintiff he could not afford, and provided information about the loan. Id. ¶¶

8   72, 78, 82, 85.

9        The factual allegations fails to demonstrate Defendant Countrywide acted outside

10  the scope of its role as a lender.  Additionally, Plaintiff's conclusory allegation that

11  Countrywide ratified the actions of employees of CFS is insufficient to support a claim

12  against Countrywide. Iqbal, 129 S.Ct. at 1949.  Accordingly, Plaintiff fails to state a claim

13  for negligence and aiding and abetting negligent, and the claims are subject to dismissal.

14  **V.  Fraud Claim**

15       Defendant contends Plaintiff's seventh cause of action for fraud is subject to

16  dismissal because Plaintiff fails to plead fraud with the required specificity.  Specifically,

17  Defendant argues Plaintiff's vague allegations that Defendants made false representations

18  regarding the loan are inadequate because Plaintiff fails to identify who, if anyone, from

19  AWL made specific misrepresentations, when the misrepresentations were made and in

20  what manner they were made.

21       Plaintiff argues he sufficiently alleges fraud when he states CFS, AWL, Countrywide

22  and others made various false misrepresentations regarding the loan.   He further argues

23  he is not required to plead names of the corporate employees where, as here, the defendant

24  has the information.

25       Rule 9(b) of the Federal Rules of Civil Procedure states, in relevant part, "[i]n all

26  averments of fraud or mistake, the circumstances constituting fraud or mistake shall be

27  stated with particularity."   Thus, Rule 9(b) requires that parties averments must "be

28  specific enough to give defendants notice of the particular misconduct . . . so that they can

1  defend against the charge and not just deny that they have done anything wrong." <u>Vess</u>

2  <u>v. Ciba-Geigy Corp., U.S.A.</u>, 317 F.3d 1097, 1106 (9th Cir. 2003).

3          Under Ninth Circuit case law, Rule 9(b) imposes two distinct requirements on

4  complaints alleging fraud, including intentional misrepresentation.  First, the basic notice

5  requirements of Rule 9(b) require complaints pleading fraud to "state precisely the time,

6  place, and nature of the misleading statements, misrepresentations, or specific acts of

7  fraud." <u>Kaplan v. Rose</u>, 49 F.3d 1363, 1370 (9th Cir. 1994); <u>Vess</u>, 317 F.3d at 1106 (A

8  plaintiff must set forth "the who, what, when, where and how" of the alleged

9  misconduct.").  Second, the Rule requires that the complaint "set forth an explanation as

10  to why the statement or omission complained of was false and misleading." <u>Yourish v.</u>

11  <u>California Amplifier</u>, 191 F.3d 983, 993 (9th Cir. 1999).  A complaint may demonstrate

12  the false or misleading character of a statement by identifying inconsistent

13  contemporaneous statements made by the defendants or inconsistent contemporaneous

14  information that was available to the defendants.  <u>Yourish</u>, 191 F.3d at 994; <u>DeMarco v.</u>

15  <u>DepoTech Corp.</u>, 149 F.Supp.2d 1212, 1223 (S.D.Cal. 2001).  A complaint may not,

16  however, demonstrate that a statement was false or misleading when made "merely by

17  pointing to later inconsistent statements or conditions." <u>DeMarco</u>, 149 F.Supp.2d at

18  1223.

19          In his amended complaint, Plaintiff names one individual, Wesley Jackson, an

20  employee of CFS.  He otherwise generally states the corporate defendants made various

21  misrepresentations.  FAC ¶¶ 19, 21, 102, 103.  A plaintiff bringing a fraud action against

22  a corporation must allege the "names of the persons who made the allegedly fraudulent

23  representations, their authority to speak, to whom they spoke, what they said or wrote,

24  and when it was said or written." <u>Tarmann v. State Farm Mut. Auto. Ins. Co.</u>, 2

25  Cal.App.4th 153, 157 (1991).<sup>4</sup>  Plaintiff fails to set forth the "who, what, when, where

26

27          <sup>4</sup>Plaintiff relies on <u>Alfaro v. Community Housing Imp. System & Planning Ass'n,</u>
<u>Inc.</u>, 171 Cal.App.4th 1356 (2009) in support of his argument that he need not name the
28  individuals who made the false statements.  In <u>Alfaro</u>, the court found that less specificity
is required when, from the nature of the allegations, it is clear Defendant possesses the

1  and how."  As such he fails to state a claim for fraud.  The motion to dismiss the fraud

2  claim is GRANTED.

3  **VI.  Aiding and Abetting Fraud**

4          Defendant argues Plaintiff fails to state a claim for aiding and abetting fraud

5  because Plaintiff fails to allege AWL or its employees made statements to Plaintiff or that

6  Plaintiff relied on the statements, and the FAC sets forth only conclusory allegations that

7  AWL knew of CFS's fraudulent conduct at the time of origination.  Plaintiff argues he

8  sufficiently pleads Countrywide knew CFS was acting fraudulently and gave substantial

9  assistance to CFS.

10         In support of the aiding and abetting fraud claim, Plaintiff alleges "Defendant AWL

11  knew that the CFS was acting fraudulently in describing the terms of the LOAN and in

12  funding the LOAN to Plaintiff" and AWL gave substantial assistance to CFS in making

13  the funds of the LOAN available to Plaintiff.  FAC ¶¶ 117, 118.  These conclusory

14  allegations are insufficient to support a claim for aiding and abetting fraud.  Accordingly,

15  Defendant's motion to dismiss the claim is GRANTED.

16  **VII.  Unfair Competition**

17         Defendant argues Plaintiff fails to sufficiently allege entitlement to relief under

18  California's unfair competition law.  Specifically, Defendant argues Plaintiff fails to allege

19  loss of money or property as required, and Plaintiff sets forth only conclusory allegations

20  as to Defendant's business practices.

21         In opposition, Plaintiff argues he sufficiently pleads a claim for violation section

22  17200 of the California Business and Professions Code.

23         California Business and Professions Code section 17200 prohibits acts of unfair

24  competition, including "any [1] unlawful, [2] unfair or [3] fraudulent business practice."

25  California courts have defined practices falling under § 17200 fairly broadly, finding that

26  any unlawful practices are any activities that are forbidden by law, and any unfair act as

27  _____

28  information.  Even if the Court were persuaded by the holding in Alfaro, Plaintiff fails to set forth any facts, such as where and when the statements were made, to permit Defendants to ascertain the name of the individuals.

9                                                08cv1113

1 those that "offend[] established public policy" or are "immoral, unethical, oppressive,

2 unscrupulous, or substantially injurious to consumers." See Samura v. Kaiser Foundation

3 Health Plain, Inc., 17 Cal.App.4th 1284, 1292 (1992);  Podolsky v. First Healthcare

4 Corp., 50 Cal.App.4th 632, 647 (1996).  Moreover, "[v]irtually any state, federal or local

5 law can serve as the predicate for an action under Business and Professions Code section

6 17200." Id.  at 647.

7        In support of his claim, Plaintiff alleges Defendant's business practices are unfair

8 because they offend public policy and are oppressive and injurious to consumers.  FAC ¶

9 128.   He further alleges Defendant executed and serviced a loan with no regard to

10 Plaintiff's financial condition. Id. Additionally, Plaintiff alleges Plaintiff is burdened with

11 a longer loan period and a higher interest rate than anticipated which resulted in

12 Defendants unfairly receiving commissions, fees and payments from Plaintiff.  Id. ¶ 129.

13        The Court finds Plaintiff sufficiently alleges a monetary injury caused by

14 Defendant's unfair business practice.  Accordingly, the motion is DENIED as to the unfair

15 competition claim.

16 **VIII.  Quasi-Contract Claim**

17        Defendant argues the quasi-contract claim is really a claim for unjust enrichment

18 and fails to state a claim.

19        Plaintiff argues he sufficiently states a claim for unjust enrichment.  He maintains

20 the loan may not be enforceable if the proper disclosures were not given and unjust

21 enrichment would be appropriate for a quasi-contract claim.  He further maintains if the

22 loan is deemed enforceable and the enforceable agreement does not apply to Countrywide,

23 the equitable remedy of unjust enrichment should apply to Countrywide to avoid an

24 unjust result.

25        Unjust enrichment is not a cognizable cause of action under California law.  See

26 Melchior v. New Line Productions, Inc., 106 Cal.App4th 779, 793 (2003).  It is the result

27 of a failure to make restitution.  See Walker v. Equity 1 Lenders Group, 2009 WL

28 1364430 (S.D.Cal. 2009).  It is typically sought in connection with a quasi-contract claim

1  to avoid unjustly conferring a benefit upon a defendant where there is no valid contract.

2  See McBride v. Boughton, 123 Cal.App.4th 379, 388 (2004).  Quasi-contract applies

3  "where one obtains a benefit which he may not justly retain." Id. at 388 n. 6.

4  Plaintiff alleges, if it is deemed no contractual relationship exists between he and

5  Countrywide, a quasi-contract exists because Countrywide demanded Plaintiff make

6  payments to Countrywide under a note that was transferred from AWL and other

7  unidentified investors. FAC ¶ 133.  Plaintiff further alleges Countrywide has received fees,

8  costs, commissions, payments and other money from Plaintiff it unjustly retained. Id. ¶

9  136.  The Court finds Plaintiff states a claim for quasi-contract and the motion to dismiss

10  the claim is DENIED.

11  **IX.  Determination of Validity of Lien**

12  Defendant argues the claim should be dismissed.  Plaintiff argues he pleads

13  sufficient facts to support a claim for determination of validity of lien because he

14  sufficiently alleges he was induced to enter into a loan due to defective documentation,

15  false representations and/or fraud and Defendants have forfeited any interest in the subject

16  property by their wrongful acts.

17  The claim for validity of lien is based upon Plaintiff's allegations of fraud committed

18  by the defendants.  As discussed above, Plaintiff fails to sufficiently allege fraud.

19  Accordingly, this claim likewise fails.

20  **CONCLUSION AND ORDER**

21  Based on the foregoing, IT IS HEREBY ORDERED Defendant Countrywide's

22  motion to dismiss is **GRANTED IN PART AND DENIED IN PART**.  The motion is

23  **GRANTED** as to Plaintiff's claims for violation of TILA, rescission, violation of RESPA

24  for failing to respond to the QWR, negligence, aiding and abetting negligence, fraud,

25  //

26  //

27  //

28  //

1 | aiding and abetting fraud, and validity of lien.  The motion is **DENIED** as to the claims

2 | for unfair competition and quasi-contract.

3 | DATED:  March 29, 2011

4 |

5 | JOHN A. HOUSTON
United States District Judge

6 |

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

08cv1113